IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY RAY RAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-499-TCK-SAJ |
| | ) | |
| JOHN BOGGS, Judge; | ) | |
| STEPHEN NICKOLAS CONNERS, Det.; | ) | |
| KEITH SIMS, District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING REQUEST TO LIFT STAY AND REOPEN
### AND DISMISSING COMPLAINT WITHOUT PREJUDICE

On September 5, 2007, Plaintiff, appearing *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). When he filed his complaint, Plaintiff was a pretrial detainee in custody at the Osage County Jail, Pawhuska, OK. By Order filed September 28, 2007 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed Defendant John Boggs from this action with prejudice, dismissed Plaintiff's requests for release from custody and dismissal of the pending criminal charges, and stayed Plaintiff's remaining claims pending resolution of criminal charges in Osage County District Court. Thereafter, by Order filed October 9, 2007 (Dkt. # 5), this matter was administratively closed. On October 16, 2007, Plaintiff filed a letter (Dkt. # 6) requesting that the stay be lifted and that this matter be reopened. For the reasons discussed below, the Court finds Plaintiff's request to lift the stay and reopen this matter shall be granted. However, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the complaint shall be dismissed without prejudice.

## *BACKGROUND*

In his complaint, Plaintiff raises claims related to the prosecution of criminal charges in Osage County District Court, Case Nos. CF-2007-74A and CF-2007-157. He alleges that "officers served warrants without probable cause or evidence," and that he was "being held on bogus charge when guilty party has plead guilty." See Dkt. # 1. In his request to lift stay and reopen, Plaintiff states that "[o]n Sept. 27 Osage Co. dropped all charges on me except the delivery of meth charge, witch (sic) I did not do."[1] See Dkt. # 6 (emphasis in original). He indicates that on September 28, 2007, on the advice of his attorney, he entered a plea of guilty to the charge of delivery of a controlled drug rather than face the possibility of a life sentence if convicted by a jury following a trial. Upon entry of his plea of guilty and subsequent conviction, he states he was sentenced to six (6) months community service and five (5) years probation. Id. Plaintiff indicates he wishes to reopen and proceed with this civil rights action because "I don't see what right Det. Conners had to kick in the door to my mother's house and point a gun at her (a handy capped (sic) senior sitizen (sic)). If nothing else I would like to expose these thugs for the rights violators they are." Id.

## *ANALYSIS*

Based on Plaintiff's representation that he has now been convicted and his pending criminal charges have been resolved, the Court finds that it is appropriate to lift the stay and reopen this matter. Therefore, Plaintiff's request to lift the stay and reopen shall be granted.

---

[1] Docket sheets for Osage County District Court, Case Nos. CF-2007-74A and CF-2007-157, viewed at www.odcr.com, confirm that on September 28, 2007, in CF-2007-74A, Plaintiff was convicted of Delivery of a Controlled Drug on his plea of guilty. That same day, the charge of Possession of Marihuana, filed in CF-2007-157, was dismissed.

Nonetheless, after liberally construing Plaintiff's *pro se* complaint, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court finds that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) (providing that a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief), Plaintiff's remaining claims[2] shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on

---

[2]In its prior Order, the Court dismissed Plaintiff's claims against Defendant Boggs based on absolute judicial immunity.

allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002).

In his request to lift stay and reopen (Dkt. # 6), Plaintiff alleges that he has been convicted on his plea of guilty, but that he is nonetheless innocent of the crime for which he has been convicted. Based on that allegation as well as the allegations in the complaint, the Court finds that a judgment in favor of Plaintiff on any claim challenging the constitutionality of his ongoing incarceration due to his criminal conviction entered in Osage County District Court "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Furthermore, Plaintiff has not shown that the conviction has been reversed or otherwise set aside. As a result, any claim for damages or injunctive relief under 42 U.S.C. § 1983 is not cognizable and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff remains obligated to pay the full $350 filing fee in monthly installments as previously ordered.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's request to lift stay and reopen (Dkt. # 6) is **granted**.

2. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff remains obligated to pay the full $350 filing fee in monthly installments as previously ordered.

DATED THIS 23rd day of October, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE